IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

| | | |
|---|---|---|
| RICHARD WARD, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 5:08-0902 |
| | ) | |
| STATE OF WEST VIRGINIA, | ) | |
| | ) | |
| Respondent. | ) | |

### PROPOSED FINDINGS AND RECOMMENDATION

Petitioner has filed a Petition to Quash Arrest Warrant.[1] (Document No. 1.) It appears from the way the document is styled and the indication of the case number that Petitioner intended to file the document in State Court.[2] Petitioner requests that the Court "quash all warrants within the Court's jurisdiction . . .." Petitioner states that he was arrested on February 9, 2006, upon charges that he violated 21 U.S.C. § 841, pled guilty on January 20, 2007, and was sentenced to a 57 month term of imprisonment on February 20, 2007. Petitioner indicates that when he filed the Petition he was in custody at FCI Elkton, in Elkton, Ohio. The Bureau of Prisons' Inmate Locator indicates that Petitioner is currently there and has a projected release date of May 25, 2011.

Contrary to Petitioner's statement, it appears that Petitioner was charged along with several others in three counts of a nine-count Indictment filed on April 3, 2007, with conspiring to distribute

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

[2] Noting that Petitioner indicates case number 06M3693 on his Petition, the undersigned called to Office of the Clerk of the Magistrate Court of Raleigh County and learned that Petitioner is charged with driving when his driver's license was revoked and there is an active warrant for Petitioner's arrest in that case.

five grams or more of cocaine base (Count One), distributing heroine on or about February 5, 2007 (Count Two), and aiding and abetting another Defendant in distributing cocaine base on February 8, 2007 (Count Six) in violation of 21 U.S.C. §§ 846 and 841(a)(1) and 18 U.S.C. § 2. United States v. Ward, Criminal No. 5:07-0064 (Document No. 1.) Petitioner entered a plea of guilty to Count One of the Indictment on August 6, 2007. (Id., Document Nos. 124, 125, 128 and 129.) Petitioner was sentenced on January 14, 2008, to a 57 month term of imprisonment and a four year term of supervised release. The Court also imposed a $100 special assessment. (Id., Document No. 201.) On February 10, 2009, the District Court amended Petitioner's sentence reducing his term of imprisonment to thirty months. (Id., Document Nos. 224 and 226.)

The District Court should refuse to take jurisdiction over Petitioner's request that it quash active arrest warrants in State Court. The District Court is required to abstain when requested to enjoin State criminal proceedings when the State procedures are adequate. See Nivens v. Gilchrist, 444 F.3d 237,247 (4th Cir, 2006), cert. dismissed, 548 U.S. 939, 127 S.Ct. 333, 165 L.Ed.2d 1012 (2006).

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DISMISS** Petitioner's Petition (Document No. 1.) with prejudice and remove this matter from the docket of the Court.

Petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Thomas E. Johnston. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the

Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(e) of the Federal Rules of Criminal Procedure, Petitioner shall have thirteen (13) days from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Johnston, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*.

Date: February 27, 2009.

R. Clarke VanDervort
United States Magistrate Judge